**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JEANNETTE E. FOWLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:08-CV-572-TS |
| | ) |
| INDIANAPOLIS UNIVERSITY-PURDUE | ) |
| UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

P*ro se* Plaintiff, Jeannette E. Fowler, filed a 42 U.S.C. § 1983 Complaint against the Defendant, Indianapolis University-Purdue University,[1] claiming identity theft, fraud, defamation, and telephone harassment in connection with the Defendant's attempt to collect an outstanding hospital bill that the Plaintiff says she did not owe. The Plaintiff previous attempt to recover on this claim was denied in St. Joseph County small claims court for failure to file a notice of tort claim with the Indiana Attorney General. The Defendant has moved to dismiss the Plaintiff's claims on grounds that the Complaint violates Eleventh Amendment principles, Indiana Tort Claims Act (ITCA) requirements, and the *Rooker-Feldman* doctrine.

---

[1] The Defendant states that it may only be sued in the name of The Trustee of Indiana University pursuant to Indiana Code section 21-27-4-2, which provides that the "board of trustees may in the name of 'The Trustees of Indiana University' sue and be sued." Ind. Code § 21-27-4-2. The Seventh Circuit takes the approach that a board of trustees of a state university is a separate entity from the state university itself for purposes of § 1983 lawsuits. *See, e.g., Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletic Dept.*, 510 F.3d 681, 695–97 (7th Cir. 2007) (analyzing whether the governing boards of state universities enjoy the same immunity from suit as universities themselves); *Kashani v. Purdue Univ.*, 813 F.2d 843 (7th Cir. 1987) (affirming dismissal of § 1983 claims against Purdue University but reversing dismissal of § 1983 claims for injunctive relief against trustees in their official capacities). In *Severson v. Board of Trustees of Purdue University*, the Indiana Court of Appeals recognized the federal court's different treatment of § 1983 claims for relief against state universities and claims against trustees of the same university when it analyzed the plaintiff's claims against the Board of Trustees of Purdue University. 777 N.E.2d 1181, 1194 (Ind. Ct. App. 2002). Therefore, the Court will construe the Plaintiff's claims as being against the University as opposed to the Trustee because that is the entity the Plaintiff named in her Complaint.

**BACKGROUND**

On December 11, 2008, the Plaintiff filed a *pro se* Complaint Under the Civil Right Act [DE 1], along with an Application to Proceed Without Prepayment of Fees and Affidavit. After ordering the Plaintiff to correct a deficiency in her Application, the Court granted the Plaintiff's request to proceed without prepayment of the filing fee.

On January 27, 2009, the Defendant moved to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Defendant argues that dismissal is appropriate because the Plaintiff did not file a tort claim notice, the Eleventh Amendment bars her suit against it, and the *Rooker-Feldman* doctrine applies by virtue of the Plaintiff's previous unsuccessful lawsuit in state court.

On February 3, the Plaintiff responded, urging the Court not to dismiss her claim because her civil rights have been violated by the Defendant's unwanted telephone calls, and because she did not have the financial means to file a notice of tort claim.

**DISCUSSION**

**A.     Legal Standard**

Rule 12(b)(1) provides that a party may assert the defense of lack of subject matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of

the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). Nevertheless, the burden of proof lies with "the party asserting jurisdiction," namely, the Plaintiff in this case. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Rule 12(b)(6) permits a defendant to assert by motion that the plaintiff's claim for relief fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As with a 12(b)(1) motion, the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to suggest a right to relief above the speculative level. *Id.* at 1973–74 & n.14; *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

Moreover, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen *in forma pauperis* complaints, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). The statute provides that a court "shall" dismiss a case if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard).

**B.     Claims Against the University**

The Plaintiff purports to bring civil rights claims against the University pursuant to 42 U.S.C. § 1983. The Defendant argues that, as an instrumentality of the state, it is immune from suit under the Eleventh Amendment. *See, e.g., Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletic Dept.*, 510 F.3d 681, 694–97 (7th Cir. 2007) (finding that IUPUI is entitled to Eleventh Amendment immunity in a federal age discrimination suit); *Kashani v. Purdue Univ.*, 813 F.2d 843 (7th Cir. 1987) (holding that Purdue University is immune from suit under the Eleventh Amendment as an instrumentality of the state); *see also Shannon v. Bepko*, 684 F. Supp. 1465, 1470–73 (S.D. Ind. 1988) (containing detailed analysis of criteria to conclude that Indiana University and IUPUI are entitled to sovereign immunity). However, if the University is an arm of the state, it is not even amenable to suit under § 1983 because the state is not a "person" within the statute's meaning. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63, 66 (1989) (holding that states are not "persons" liable for damages under § 1983).

In *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000), the Supreme Court directed that when both the question of whether the Eleventh Amendment bars a suit and whether a statute permits a cause of action against a state are at issue, the "statutory question [is] 'logically antecedent to the existence of' the Eleventh Amendment question." 529

4

U.S. at 779; *see also Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) (citing *Vermont Agency of Nat'l Resources* for the proposition that the district court, before addressing the Eleventh Amendment defense, should have dismissed the § 1983 official capacity claim against a university president and university trustees on grounds that § 1983 does not authorize suits against states).

Accordingly, even though the statutory question was not one of the reasons cited by the Defendant for dismissal, the Court will address it first. In doing so, the Court follows the Seventh Circuit's reasoning in *Kaimowitz v. Board of Trustees of University of Illinois*, 951 F.2d 765 (7th Cir. 1991), where it affirmed the district court's dismissal of a § 1983 claim against a state university on grounds that the university did not constitute a suable person within the meaning of § 1983. The Seventh Circuit stated:

> As the District Court observed, the Supreme Court in *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989), held that "a State is not a person within the meaning of § 1983." In *Cannon v. University of Health Sciences/The Chicago Medical School*, 710 F.2d 351, 357 (7th Cir. 1983), we held that the plaintiff was barred by the eleventh amendment from suing a state university for damages pursuant to § 1983 because state universities are "alter egos" of the state. *See also Kashani v. Purdue University*, 813 F.2d 843, 844 (7th Cir.) (in § 1983 action, state university "an arm of the state" entitled to eleventh amendment protection against claims for monetary damages), *cert. denied*, 484 U.S. 846 (1987). Because this Court has determined in previous § 1983 actions that a state university is an alter ego of the state, and, under Will, a "State is not a person" under § 1983, it follows that a state university is not a person within the meaning of § 1983 and therefore not subject to suits brought under § 1983.

951 F.2d at 767 (parallel citations omitted).

Because § 1983 does not authorize suits against states, the claims against the University

must be dismissed under § 1915(e)(2)(B)(ii).[2] To the extent the Plaintiff's Complaint asserts state tort claims in addition to § 1983 claims, the Court declines to exercise jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3) (allowing district court to decline to exercise supplemental jurisdiction over a claim where it has dismissed all claims over which it has original jurisdiction); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.").

### C.      Claims Against Thomas P. Gannon

In the section of the Complaint form that is provided to list "Additional Defendants," the Plaintiff lists Attorney Thomas P. Gannon and identifies an Indiana University address for the office of the Vice President and General Counsel. (Compl. 2.) However, in the section of the Complaint where the Plaintiff is to state her "Cause of Action," she does not mention Gannon by name despite the directive to summarize what the defendants did to violate her rights. (Compl. 6 ("You must identify individual defendants by name.")). Rather, the only causes of action she states are against the University. Likewise, in the "Statement of Facts" portion of the Complaint, the Plaintiff does not mention Gannon, despite the directive to "[s]tate who, what, when, where and how you feel your constitutional rights were violated." (Compl. 7–8.)

Accordingly, the Plaintiff has not provided, as required by Rule 8(a)(2), the grounds upon

---

[2] The dismissal of the Plaintiff's claims pursuant to the Court's statutory authority to screen this case is not meant to suggest that the Defendant's arguments, as presented in its Motion to Dismiss, do not have merit. Rather, it simply is not necessary for the Court to consider these alternative grounds for dismissal.

6

which she claims entitlement to relief against Gannon. Because the Plaintiff does not assert any factual allegations against Gannon, they cannot possibly raise a right to relief above the speculative level, *Bell Atl. Corp.*, 127 S. Ct. at 1965, and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, the Plaintiff's federal claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

SO ORDERED on March 4, 2009.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION